UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81513- ROSENBERG

BRIDGET HOM,

    Plaintiff,

vs.

TRANSUNION, LLC, et al.,

    Defendants.
_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS MATTER** is before the Court upon Plaintiff Bridget Hom and Defendant Citibank, N.A.'s Joint Motion to stay the case as to Citibank only pending arbitration ("Joint Motion"). DE 25. Since the Joint Motion did not include the position of the remaining Defendants as to whether the entire case should be stayed, the Court ordered a joint notice from all parties regarding staying the entire case. The Court has carefully considered the Joint Motion, the Joint Notice, DE 39, and the record, and is otherwise fully advised in the premises. For the reasons below, the Court **RESERVES** its ruling on the Joint Motion pending any forthcoming amendment of the Complaint as further discussed in the Order.

    Underlying all of the counts in the Complaint is the central issue of whether three transferred debts were correctly reported as the Plaintiff's debts. When Plaintiff and her former husband divorced, she alleges that a court-ordered agreement transferred those three debts in her name to her former husband. DE 1 at ¶¶ 20–23.

    The first transferred debt is related to "a CitiCards account appearing on her credit reports with an account number of 54241813XXXXXX; (Date Opened: v4/18/2018) (hereinafter 'Citi

Account')." *Id.* at ¶ 27.  Plaintiff alleges that Defendant Citibank inaccurately reported to Defendants Equifax, Transunion, and Experian (the "Credit Bureaus") that the Citi Account debts belonged to Plaintiff. *Id.* at ¶¶ 27–28.  This led to late payment notations, charge-off notations, and outstanding balances on Plaintiff's credit report. *Id.* at ¶¶ 28–41.

The transferred debts to Plaintiff's former husband also included a consumer debt with third-party Synchrony Bank which was sold to Defendant Portfolio Recovery Associates. *Id.* at ¶¶ 63–69.  Plaintiff alleges that Portfolio also inaccurately reported to the Credit Bureaus that Plaintiff held debt "relating to Plaintiff's Portfolio RC account with an account number of 601918362014****; (Date Opened By Debt Buyer: 10/21/2020) (hereinafter 'Portfolio Account')." *Id.*  This inaccurate reporting as to the Portfolio Account affected Plaintiff's credit report.

The last transferred debt at issue is related to the "Wells Fargo Bank account with an account number of 442644XXXXXX; Date Opened: 3/9/2018 (hereinafter 'Wells Fargo Account')." *Id.* at ¶ 98.  As with the other accounts, Plaintiff claims the bank, Defendant Wells Fargo, inaccurately reported to the Credit Bureaus that Plaintiff was responsible for debt incurred through the Wells Fargo Account, and this reporting led to Plaintiff's credit report being negatively affected. *Id.* at ¶¶ 98–119.

Due to an arbitration agreement between Plaintiff and Citibank, those two parties have moved for a stay as to Plaintiff's case against Citibank alone. DE 25.  Defendants Wells Fargo and Portfolio agree that the stay should be against Citibank only. DE 39 at 1.  But the Credit Bureaus believe that the claims against the Credit Bureaus should be stayed pending the arbitration of the Citibank claims because their claims are in part based on a determination as to the accuracy of Citibank's reporting of Plaintiff's debts. *Id.* at 2.

The Court agrees with the Credit Bureaus.  The arbitration regarding the Citi Account between Plaintiff and Citibank necessarily effects the Credit Bureaus that relied upon Citibank to furnish information about the Citi Account.  In such situations in which the arbitrable claims necessarily effect non-arbitrable claims, district courts have used their inherent, discretionary authority to stay a case. *Quash Seltzer, LLC v. PepsiCo, Inc.*, No. 21-CV-60191-RAR, 2021 WL 1963639, at *3 (S.D. Fla. May 17, 2021) (citing *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008)); *see also Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004) (providing guidance that "whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision" is key).

Because the causes of action do not distinguish between individual defendants nor the debt accounts at issue (e.g., the Citi Account, the Portfolio Account, and the Wells Fargo Account), the causes of action against the Credit Bureaus should be stayed pending the Citi Account arbitration.

Because the causes of action as to Portfolio, Wells Fargo, and Citibank are pled together, the Court grants Plaintiff leave to amend her Complaint so the arbitrable and non-arbitrable causes of action related to the Citi Account can be separated from the causes of action related to the Portfolio Account and the Wells Fargo Account.  Therefore, the Court **ORDERS** Plaintiff to file an amended complaint within ten (10) days of the date of this Order, separating the causes of action by Defendant and debt account.  Otherwise, the case will be stayed in its entirety.

It is therefore **ORDERED AND ADJUDGED** that:

- The Court **RESERVES** as to the Joint Motion to Stay Pending Arbitration, DE 25.
- All pending motions are **DENIED AS MOOT** in light of either a forthcoming amended complaint or a stay of the entire action.

- To the extent that the Plaintiff wishes to file an amended complaint, the Court **ORDERS** Plaintiff to file the amended complaint within ten (10) days of the date of this Order, separating the causes of action by Defendant and debt account (e.g., the Citi Account, the Portfolio Account, and the Wells Fargo Account). Otherwise, the case will be stayed in its entirety.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of January, 2024.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Plaintiff and counsel of record