UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*(WEST PALM BEACH DIVISION)*

BRIDGET HOM,   CASE NO.: 9:23-cv-81513-RLR

    Plaintiff,

v.

TRANSUNION, LLC, ET AL.,

    Defendants.
_____/

**DEFENDANT WELLS FARGO BANK, N.A.'S
MOTION TO DISMISS COUNTS TWELVE AND THIRTEEEN
OF PLAINTIFF'S AMENDED COMPLAINT [ECF 50]**

Defendant, WELLS FARGO BANK, N.A. ("**_Wells Fargo_**"), by and through the undersigned counsel hereby files its motion to dismiss counts twelve and thirteen of Plaintiff, BRIDGET HOM ("**_Plaintiff_**")'s amended complaint (the "**_Amended Complaint_**") [ECF 50], stating as follows:

**RELIEF SOUGHT**

The Amended Complaint does not cure the issues from the prior iteration. Just as with its predecessor, the Amended Complaint fails to state a cause of action upon which relief can be granted and would implicate the *Rooker-Feldman* doctrine for purposes of subject matter jurisdiction. In short, counts twelve and thirteen of the Amended Complaint stand to be dismissed with prejudice.

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

# INTRODUCTION AND SUMMARY OF THE ARGUMENT

Despite having the benefit of the briefing as to Wells Fargo's prior motion to dismiss and reply, the Amended Complaint *continues* to ignore the default final judgment (the "***State Court Judgment***") entered against Plaintiff in that certain Palm Beach County, Florida matter styled *Wells Fargo Bank, N.A. v. Bridget Hom*, County Court Case No: 50-2019-CC-002303-XXXX-MB (the "***State Court Case***"). The State Court Judgment was entered on November 21, 2019, and recorded November 27, 2019 at O.R. Book 31056, Page 1777 and re-recorded February 9, 2021 at O.R. Book 32179, Page 0792 of the public records of Palm Beach County, Florida. This Court has already taken judicial notice of the State Court Judgment [ECF 29].

It appears Plaintiff will simply ignore the import and effect of the State Court Judgment as to the claims against Wells Fargo; Wells Fargo will continue to reassert its impact on this case.

Specifically, the State Court Judgment necessarily nullifies the claims against Wells Fargo. *First*, there can be no furnisher liability when the debt was reduced to a judgment and available in public records. Relatedly, there is no allegation that Wells Fargo was not entitled to rely on the documentary evidence—the State Court Judgment—in its investigation of the credit dispute. *Second*, in seeking to allow the

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

debt dispute claim to proceed, it would require an adjudication that the debt was somehow invalid—directly implicating the *Rooker-Feldman* doctrine.

In short, the Amended Complaint suffers the same infirmities as the prior iteration and the counts against Wells Fargo stand to be dismissed with prejudice.

### FACTS AS ALLEGED IN THE AMENDED COMPLAINT[1] AND ORDER GRANTING JUDICIAL NOTICE [ECF 29]

1. On September 8, 2020, Judge Dina Keever-Agrama of Palm Beach County, Florida ordered a final dissolution of marriage of Plaintiff and her spouse under Case No: 50-2020-DR-006137-****NB. *Amended Complaint* at ¶ 20.

2. Plaintiff has a Wells Fargo account with account number 442644XXXXX, opened March 9, 2018 (the "***Account***"). *Id*. at ¶ 99.

3. The information furnished by Wells Fargo listed a balance on the Account for $13,750.00.00. *Id*. at ¶ 100.

4. The State Court Judgment was entered November 21, 2019 and recorded November 27, 2019 at O.R. Book 31056, Page 1777 and re-recorded February 9, 2021 at O.R. Book 32179, Page 0792 of the public records of Palm Beach County, Florida. *See* ECF 29.

---

[1] Wells Fargo incorporates these facts for purposes of this motion only. Wells Fargo denies the substantive allegations.

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

5. The State Court Judgment was a collection action specifically for the Account.[2]

6. The principal amount owed on the State Court Judgment is $13,750.00.

## ARGUMENT

### A. Applicable legal standards

### 1. Standard on motion to dismiss for failure to state a cause of action

A motion to dismiss for failure to state a claim for relief is governed by Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* In ruling on a motion to dismiss, a plaintiff must allege "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (internal quotations

---

[2] To the extent necessary, Wells Fargo would also request the Court take judicial notice of the entire docket of the State Court Case to ensure this motion is properly framed.

*Hom v. Wells Fargo Bank, N.A.*
*Case No: 9:23-cv-81513-RLR*

omitted); *see also Jackson v. BellSouth Telecomms*., 372 F. 3d 1250, 1262-63 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Id*. at 678 *quoting Twombly*, 550 U.S. at 570.

### 2. Standard on a motion to dismiss for lack of subject-matter jurisdiction

Under Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. A defendant may challenge subject-matter jurisdiction under Rule 12(b)(1) through a factual attack, which "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002).

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

### B. *Plaintiff fails to state a cause of action for furnisher liability*

#### 1. *Wells Fargo did not furnish the State Court Judgment*

Plaintiff omits any reference to the State Court Judgment in the Amended Complaint. Nonetheless, she did not oppose Wells Fargo's request for judicial notice and the Court has already judicially noticed the State Court Judgment. The alleged Wells Fargo Account outlined in paragraph 99 of the Amended Complaint was reduced to a judgment and ceases to exist independently. Wells Fargo did not "furnish" the State Court Judgment, it was available "from local, state and federal courts. . ." *Williams v. Capital One Bank (USA), N.A.*, 785 Fed. Appx. 741, 745-46 (11th Cir. 2019). As Plaintiff cannot plausibly allege that Wells Fargo furnished the State Court Judgment, she fails to state a cause of action against Wells Fargo.

#### 2. *Plaintiff cannot allege the documentary evidence was invalid*

The FCRA requires furnishers of information to "conduct a reasonable investigation of disputed information." *Hinkle v. Midland Credit Mgmt, Inc.*, 827 F. 3d 1295, 1301 (11th Cir. 2016). A furnisher, such as Wells Fargo here, "can conduct a reasonable investigation by, among other things, uncovering documentary evidence which allows them to verify the disputed information and report to the [credit reporting agencies] that the information is correct." *Perez Ramones v.*

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

*Experian Information Services, LLC*, 537 F. Supp. 3d 1314, 1321 (S.D. Fla. 2021) quoting *Hinkle*.

Here, the two (2) counts against Wells Fargo are for willful and negligent violation of the FCRA, 15 U.S.C. § 1681n(a) and 1681o(a). Specifically, Plaintiff alleges that Wells Fargo is "falsely reporting an open balance of $13,750.00"; however, the State Court Judgment trumps that claim. It is not Wells Fargo who is making that claim—it was the court in the State Court Case who found Plaintiff was indebted to Wells Fargo. "Once a judgment is issued, every court in the nation is required to give it 'the same credit, validity, and effect,' regardless of any representations or warranties. . . Given these legal principles, it would be nonsensical to hold [the Furnisher] could not rely on the facial validity of the Judgment. . ." *Middlebrooks v. Sacor Fin., Inc.*, 322 F. Supp. 3d 1300, 1305 (N.D. Ga. 2018).

Counts twelve and thirteen fail to state a cause of action upon which relief can be granted.

### C. Allowing this case to proceed would implicate Rooker-Feldman

### 1. The Rooker-Feldman Doctrine

The *Rooker-Feldman* doctrine deprives a federal court of subject matter jurisdiction to review a state court decision. To apply the *Rooker-Feldman* doctrine, federal district courts are to determine first, "whether state court proceedings have

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

ended," and second, whether the plaintiff before the court is "a state-court loser[] complaining of injuries caused by state-court judgments." *Velazquez v. S. Fla. Fed. Credit Union,* 546 Fed. Appx. 854, 856-57 (11th Cir. 2013) *quoting Exxon Mobil Corp., v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

*Rooker-Feldman* applies both to claims actually raised in state court and to those that are "inextricably intertwined" with a state court judgment. *Figueroa v. MERSCORP, Inc.*, 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011). A claim is "inextricably intertwined with the state court judgment" when either "the success of the federal claim would effectively nullify the state court judgment" or "the federal claim succeeds only to the extent that the state wrongly decided the issues." *Springer v. Perryman*, 401 F. App'x. 457, 458 (11th Cir. 2010). "The doctrine is broad enough to bar all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available from the state court." *Woodfaulk v. Lamar,* No. 07-00452-TJC, 2007 U.S. Dist. LEXIS 97462, at *19-20 (M.D. Fla. 2007). Importantly, if a plaintiff's claims require the federal district court to re-examine the state court decision, it lacks subject matter jurisdiction to hear the case. *Zisser v. Fla. Bar*, 747 F. Supp. 2d 1303, 1312 (M.D. Fla. 2010).

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

### 2. Allowing this case to proceed necessarily means the State Court Judgment was invalid

The State Court Case has clearly ended; the State Court Judgment was entered in 2019. The first prong of the *Rooker-Feldman* doctrine is established, as is the second prong, as Plaintiff was the state-court loser in the State Court Case. To allow Plaintiff to disavow the State Court Judgment in claiming that she does not owe the debt in spite of the State Court Judgment would necessarily imply that the State Court Judgment is invalid.[3] A federal court cannot be used as a state appellate court; exactly what allowing this matter to continue against Wells Fargo would necessarily adjudicate.

### 3. Courts in this circuit have ruled on this exact issue

The Northern District of Georgia faced a similar factual situation as being raised here. In *Hawkins v. Credit One Bank*, Case No: 1:21-CV-04433-LMM-JCF, 2022 WL 3211634 (N.D. Ga. 2022), a *pro se* Plaintiff filed a complaint for FCRA (among other causes of action). In that case, Plaintiff alleged that "that debt was

---

[3] Relatedly, the litigation privilege would also apply. The litigation privilege in Florida "provides litigation participants with absolute immunity for acts occurring during the course of judicial proceedings, and extends to all acts that have some relation to the proceeding." *Huls v. Llabona*, 437 Fed. Appx. 830, 833 (11th Cir. 2011) *citing Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So. 2d 606, 608 (Fla. 1994). The litigation privilege exists so participants in litigation may "use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Levin,* 639 So. 2d at 608. "[L]itigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007).

*Hom v. Wells Fargo Bank, N.A.*
*Case No: 9:23-cv-81513-RLR*

invalid, he did not owe the debt," and generally sought to collaterally attack the state court judgment. *Id*. at 2. The court held that "[i]n order to give Plaintiff the relief he seeks, the Court (or a jury) would have to find that the debt was invalid . . .[s]uch a finding would, essentially, nullify the Magistrate Court's judgment." *Id*. (internal citations omitted). The same is true here—for Plaintiff to succeed on her FCRA claim against Wells Fargo, it would necessarily mean that the State Court Judgment was invalid; this is improper.

At bottom, this Court does not have subject-matter jurisdiction as to Plaintiff's FCRA claims against Wells Fargo, which also mandates dismissal.

## **CONCLUSION**

For a variety of reasons, as outlined above, counts twelve and thirteen of Plaintiff's Amended Complaint must be dismissed with prejudice as to Wells Fargo.

**WHEREFORE**, Defendant, Wells Fargo Bank, N.A., requests this Honorable Court enter an order dismissing counts twelve and thirteen of the Amended Complaint with prejudice, and grant such further relief as this Court deems just and proper.

*Hom v. Wells Fargo Bank, N.A.*
Case No: 9:23-cv-81513-RLR

# CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(3)

Pursuant to L.R. 7.1(a)(3), the current motion is to dismiss for failure to state a claim upon which relief can be granted, and therefore exempt from the pre-filing conference required.

Dated: February 9, 2024.					Respectfully submitted,

/s/ Jacob E. Mitrani
JACOB E. MITRANI
Florida Bar No. 715581
jem@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
*Counsel for Wells Fargo Bank, N.A.*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 9, 2024, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jacob E. Mitrani
JACOB E. MITRANI
Florida Bar No. 715581
jem@lgplaw.com