UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO. 9:23-cv-81513-RLR**

BRIDGET HOM,

    Plaintiff,

v.

TRANSUNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., CITIBANK, N.A., PORTFOLIO
RECOVERY ASSOCIATES, L.L.C., and
WELLS FARGO BANK, NATIONAL
ASSOCIATION,

    Defendants.    /

**JOINT MOTION TO STAY DISCOVERY PENDING RULING ON THE CRA
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMDENDED COMPLAINT**

  Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (collectively, the "CRA Defendants"), and Plaintiff Bridget Hom, by and through their undersigned counsel, respectfully request that discovery in this action be stayed, between Plaintiff and the CRA Defendants, until the Court rules on the CRA Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 68]. In support thereof, the CRA Defendants state as follows:

**FACTUAL BACKGROUND**

  On November 24, 2023, Plaintiff Bridget Hom ("Plaintiff") brought this action against the CRA Defendants, as well as Defendants CitiBank, N.A. ("CitiBank"), Portfolio Recovery Associates, L.L.C. ("PRA"), and Wells Fargo Bank ("Wells Fargo"), for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and alleged violations of the Florida Debt Collection Practices Act ("FDCPA") as to PRA. [ECF No. 1]. On December 27, 2023,

Plaintiff and Citibank jointly moved to stay the proceedings as to Citibank pending arbitration. [ECF No. 25]. On January 29, 2024, the Court ordered Plaintiff to file an Amended Complaint and reserved ruling on the Joint Motion to stay the proceedings. [ECF No. 49]. The Court noted that "[t]he arbitration . . . between Plaintiff and Citibank necessarily effects the [CRA Defendants] that relied upon Citibank to furnish information . . . . In such situations in which the arbitrable claims necessarily effect non-arbitrable claims, district courts have used their inherent, discretionary authority to stay a case." [ECF No. 49 at 3] (citing *Quash Seltzer, LLC v. PepsiCo, Inc.*, No. 21-CV-60191-RAR, 2021 WL 1963639, at *3 (S.D. Fla. May 17, 2021)).

On February 2, 2024, Plaintiff filed her First Amended Complaint, which raises similar claims against each Defendant. [ECF No. 50]. On February 7, 2024, the Court granted Plaintiff and CitiBank's Joint Motion to Stay Pending Arbitration and stayed Counts 7 and 8 of the First Amended Complaint pending arbitration. [ECF No. 51]. On March 1, 2024, the CRA Defendants filed their Joint Motion to Dismiss the First Amended Complaint (the "Joint Motion"), arguing that Plaintiff's claims fail as a matter of law because she has not and cannot establish an inaccuracy as to the reporting on her credit file. [ECF No. 68 at 4–9]. On March 15, 2024, Plaintiff filed her Response in opposition to the Joint Motion. [ECF No. 70, 72]. On March 22, 2024, the CRA Defendants filed their Joint Reply in support of the Joint Motion. [ECF No. 74]. The CRA Defendants' Joint Motion is ripe for adjudication. Importantly, granting the CRA Defendants' Joint Motion would dispose of this action as to the CRA Defendants and obviate the need for discovery. Plaintiff consents and joins in this Motion. Thus, a stay of discovery pending resolution of the CRA Defendants' Joint Motion is warranted. *See, e.g.*, *United States of America et al. v. C/HCA, Inc. et al.*, No. 2:19-CV-14086-RLR/SMM, [ECF No. 101] (S.D. Fla. Nov. 3, 2023) (Rosenberg, J.) (granting stay of discovery where there was possible merit to arguments made in motion to

2

dismiss); *Dulcio v. Env't Prot. Agency et al.*, No. 9:22-CV-81908-RLR/BER, [ECF No. 66] (S.D. Fla. Apr. 27, 2023) (Rosenberg, J.) (granting stay of discovery where motions to dismiss "could dispose of the action and any stay would be short in duration"); *Mulen v. Nationstar Mortg., LLC*, No. 9:20-CV-80165-RLR/BER, [ECF No. 35] (S.D. Fla. June 3, 2020) (Rosenberg, J.) (exercising discretion to stay discovery until the issuance of a ruling on the pending motion to dismiss).

## LEGAL STANDARD

This Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. Of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). Moreover, "[c]ourts may stay discovery within their discretion." *Allendorf v. Harbor Am. E., Inc.*, No. 23-CV-80141, 2023 WL 3172023, at *1 (S.D. Fla. Mar. 30, 2023) (Rosenberg, J.). *See also* Fed. R. Civ. P. 26(c). "Stays of proceedings can . . . promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez v. Miami-Dade Cnty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015). "A stay of discovery is appropriate where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-CV-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (quoting *Bocciolone v. Solowsky*, No. 08-CV-20200, 200 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). "A court may find good cause and reasonableness to stay discovery when the resolution of a preliminary motion may dispose of the entire action, and a short stay will not prejudice any party." *Dulcio*, No. 9:22-CV-81908, [ECF No. 66] (Rosenberg, J.).

When deciding to stay discovery, "the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, at 652–53 (M.D. Fla. 1997)). Where "resolution of a motion will dispose of an entire case, a

3

request to stay discovery, pending its resolution, may be appropriate." *Brooks v. Event Ent. Grp., Inc.*, No. 20-CV-22185, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible."). "[T]he Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Allendorf*, 2023 WL 3172023, at *1 (quoting *McCabe*, 233 F.R.D. at 685).

## ARGUMENTS

Staying discovery in this action is both reasonable and sought for good cause in light of the CRA Defendants' pending Joint Motion, which could dispose of this action as to the CRA Defendants and obviate the need for discovery. *Dulcio*, No. 9:22-CV-81908, [ECF No. 66]; *Varga*, 2010 WL 8510622, at *1. Importantly, the costs and burden of proceeding with potentially needless discovery greatly outweigh any harm that may be caused by delaying discovery. Moreover, Plaintiff is willing to consent to this Motion while the Court decides the CRA Defendants' pending Motion to Dismiss in exchange for their agreement to temporarily suppress the accounts at issue. While it is Plaintiff's position that a stay would normally prejudice a consumer in Plaintiff's position, because the CRA Defendants are willing to temporarily suppress the accounts at issue, Plaintiff is willing to consent to this Motion to stay discovery in interim while the Court decides the Motion. Plaintiff disagrees with the rest of the analysis provided in this motion and believes she will defeat the pending motion. Nevertheless, Plaintiff is willing to stay discovery under the terms agreed between the Plaintiff and the CRA Defendants. Therefore, the Court should grant this Motion and stay discovery pending a ruling on the CRA Defendants' Joint Motion.

First, a stay of discovery is reasonable because discovery is neither necessary nor needed for the Court to decide the pending Joint Motion. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. *See also Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) (per curiam) ("[W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders . . . ." (internal citation and quotation marks omitted)). Here, the CRA Defendants facially challenge the legal sufficiency of the claims Plaintiff brings in her First Amended Complaint—specifically, that Plaintiff's claims fail as a matter of law because she has not and cannot establish an inaccuracy as to the reporting on her credit file. *See* [ECF No. 68 at 4–9]. The CRA Defendants claim that issues in this action do not turn on a factual determination as to the accuracy of the reporting on Plaintiff's credit file, but rather the legal effects of Plaintiff's divorce decree on her responsibility for the debts at issue in this action. Because "neither the parties nor the court have any need for discovery before the court rules on the motion[s]," staying discovery will eliminate "unnecessary costs to the litigants and to the court system" while eliminating "burdens on the judicial system . . . ." *Chudasama*, 123 at 1367–68. *See also, e.g.*, *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854 (11th Cir. 2017) (per curiam) (affirming stay of discovery pending a ruling on the legal sufficiency of the complaint "because there was no need for discovery before the court rule[d] on the motion." (internal citation and quotation marks removed)). Therefore, the Court should stay discovery until the CRA Defendants' Joint Motion is resolved.

Second, a stay of discovery is sought for good cause. Here, the CRA Defendants' Joint Motion is fully briefed and ripe for review. Moreover, Plaintiff has served discovery requests and

5

notices of deposition on each of the CRA Defendants despite the CRA's alleged facial challenges to the First Amended Complaint. The CRA Defendants' position is that a "preliminary peek" of the arguments made in the Joint Motion will reveal that those facial challenges are "threshold legal issues that are case-dispositive" that would negate the need for discovery as to the CRA Defendants were the Joint Motion granted. *Varga*, 2010 WL 8510622, at *1. *See also id.* ("While the Court has not yet ruled on the motions to dismiss, a cursory review of those motions and the Court's own prior rulings . . . suggests that a short stay of discovery is appropriate."); *Dulcio*, No. 9:22-CV-81908, [ECF No. 66] ("Resolution of these motions could dispose of the action and any stay would be short in duration."). Moreover, the parties seek a stay of discovery for a finite period—namely, until the Court resolves the CRA Defendants' Joint Motion. *Menashe v. Jaoude*, No. 22-CV-22220, 2023 WL 4889395, at *1 (S.D. Fla. Aug. 1, 2023) ("[S]o long as a stay is neither 'immoderate' nor indefinite, a stay can be appropriate in the interest of judicial convenience."). Thus, a stay of discovery pending resolution of the CRA Defendants' Joint Motion is warranted. *See, e.g.*, *C/HCA, Inc. et al.*, No. 2:19-CV-14086-RLR/SMM, [ECF No. 101] (granting stay of discovery where there was possible merit to arguments made in motion to dismiss); *Dulcio*, No. 9:22-CV-81908-RLR/BER, [ECF No. 66] (granting stay of discovery where motions to dismiss "could dispose of the action and any stay would be short in duration"); *Mulen*, No. 9:20-CV-80165-RLR/BER, [ECF No. 35] (exercising discretion to stay discovery until the issuance of a ruling on the pending motion to dismiss).

Balancing the potential harm from staying discovery with the likely cost and burdens the parties will incur by proceeding with discovery, a stay of discovery in this action is both reasonable and sought in good faith. Staying discovery here will "promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Lopez*, 145 F. Supp. 3d at 1208. The

6

Court should grant this Motion and stay discovery until a decision is made on the CRA Defendants' Joint Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff and Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, respectfully request that the Court grant this Motion and stay discovery between Plaintiff and the CRA Defendants until the Court rules on the CRA Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 68].

Dated: May 2, 2024                                             Respectfully submitted,

*/s/ Jean Phillip Shami*
Jean Phillip Shami, Esq.
Florida Bar No. 1010126
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Tel.: (305) 714-9706
Fax: (305) 714-9799
jshami@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Charlotte Long*
Charlotte Long, Esq.
Florida Bar No. 0112517
charlotte.long@transunion.com
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone:  469-578-1464
*Attorney for Defendant, Trans Union, LLC*

*/s/ Jason Joffe*
 Jason Daniel Joffe
 Squire Patton Boggs (US)LLP
 200 South Biscayne Blvd, Suite 3400
 Miami, FL 33131
 Ph: (305) 577-7000
 Jason.joffe@squirepb.com
 *Attorney for Defendant,*
 *Equifax Information Services, LLC*

*/s/ Justin Zeig*
Justin Zeig, Esq.
Zeig Law Firm, LLC
3475 Sheridan St., Ste 310
Hollywood, FL 33021
Telephone: (754) 217-3084
Facsimile: (954) 272-7807
justin@zeiglawfirm.com
*Attorney for Plaintiff, Bridget Hom*

7

## **RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), counsel for Trans Union certifies that she contacted Plaintiff via e-mail on April 8, 2024, and included counsel for Experian and for Equifax in the e-mail, seeking Plaintiff's consent to the relief sought herein. Plaintiff joins in on the relief sought herein and therefore the relief is unopposed.

Dated: May 2, 2024                                                                        Respectfully submitted,

*/s/ Charlotte Long*
Charlotte Long

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on May 2, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

                */s/ Charlotte Long*
                Charlotte Long