UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81513-ROSENBERG

BRIDGET HOM,

    Plaintiff,

v.

TRANSUNION, LLC, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon the two Motions to Dismiss filed by Defendants in this action. Both Motions are fully briefed. For the following reasons, the Court **GRANTS** the Motions.

Through a divorce decree in 2020, Plaintiff's former husband agreed to "take full responsibility" for paying certain debts in Plaintiff's name, to make payments on time so "to not affect her credit," and to indemnify her from any liability.[1] DE 52 at ¶¶ 20–24. Plaintiff argues this decree relieved her of legal responsibility for those debts in her name. *Id.* at ¶¶ 25, 40, 47, 65, 75. Yet, Plaintiff still suffered from late payment notations, charge-offs, and collection accounts related to the debts at issue, resulting in her inability to obtain new lines of credit. *Id.* at ¶¶ 26–27.

To remedy her damages stemming from her former husband's failure to make timely debt payments, Plaintiff brought suit against the companies which previously loaned her money—Citibank, N.A., Wells Fargo Bank National Association, and Portfolio Recovery Associates (as a purchaser of Synchrony Bank's loan)—and three credit bureaus—Transunion, LLC, Equifax

---

[1] In ruling on a motion to dismiss, a court must accept as true a complaint's factual allegations and grant inferences in a plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Information Services, LLC, and Experian Information Solutions, LLC.  Plaintiff alleges willful and negligent violations of the Fair Credit Reporting Act against all Defendants.  Plaintiff alleges a violation of the Fair Debt Collection Practices Act against Portfolio only.  Portfolio filed a Motion to Dismiss, DE 53, and the credit bureaus filed a joint Motion to Dismiss.[2] DE 68.  Because there are overlapping dispositive arguments in the Motions, the Court analyzes them together.

Plaintiff's central contention is that she was no longer legally responsible for her debts because of her divorce decree, and thus, she should not face adverse effects on her credit report for late payments on those debts.  But Florida law does not support that contention: the Florida Supreme Court has acknowledged that "in a divorce action, to which the creditor of the spouses is not a party, the final judgment is not binding on the creditor." *Firestone v. Firestone*, 263 So. 2d 223, 227 (Fla. 1972).  Plaintiff has not alleged that any of the banks to whom she owed money were parties to the divorce decree; therefore, that decree between her and her former husband had no legal effect on her obligations to pay those debts.  Plaintiff's divorce decree created a cause of action against her former husband should he not timely pay the debts.

Plaintiff's continued legal responsibility for her debt affects her FCRA claims,[3] because the FCRA requires Plaintiff to allege an incomplete or inaccurate credit report. *E.g.*, *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024).  Since Plaintiff has not alleged an inaccurate credit report on any legally cognizable ground, she cannot state a FCRA claim, and thus, the Motions are granted.

In her responses to the Motion, Plaintiff now argues that the reports should have included an acknowledgment that another party (her former husband) agreed to indemnify Plaintiff for the

---

[2] Claims against Citibank, counts 7 and 8, have been stayed because of arbitration proceedings between Plaintiff and Citibank. DE 51.  Claims against Wells Fargo, counts 12 and 13, are no longer pending as Plaintiff voluntarily dismissed Wells Fargo. DE 75.
[3] Plaintiff's claim under the FDCPA is similarly affected because Plaintiff argues that the reason debt collection activities against her were unfair was because she was no longer liable for the debt. *See* DE 50 at ¶¶ 64, 98, 217, 222.

debt in a divorce decree. This theory of liability, however, is not in Plaintiff's Complaint. *Compare* DE 50 (only mentioning that the reports were incorrect because Plaintiff's divorce decree eliminated her liability for her debts) *with* DE 65 at 5–13 (arguing that Portfolio's report was incomplete because it did not include the effect of Plaintiff's divorce decree) and DE 70 at 6–13 (arguing the same against the credit bureaus). The Court cannot consider a new, unpled factual basis for Plaintiff's claims as its analysis of a motion to dismiss is limited to allegations raised in a complaint and its attachments. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Plaintiff does not argue any exceptions to this rule apply nor can the Court identify such an exception.

Plaintiff has failed to sufficiently plead her claims against Defendants. It is therefore

**ORDERED AND ADJUDGED** that:

- Portfolio's Motion to Dismiss, DE 53, is **GRANTED**. The Joint Motion to Dismiss, DE 68, is **GRANTED**. The Court **DISMISSES** Counts 1–6 and 9–11 of Plaintiff's Complaint. The Court does not dismiss Counts 7–8 because they are against Citibank with whom Plaintiff is currently in arbitration.

- The Joint Motion to Stay Discovery pending a ruling on the Motions, DE 77, is **DENIED AS MOOT**.

- Plaintiff is granted leave to file a second amended complaint, provided the complaint is filed by May 30, 2024. Plaintiff should not anticipate that the Court will grant leave to file a third amended complaint.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of May, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record