UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81513-ROSENBERG

BRIDGET HOM,

    Plaintiff,

v.

TRANSUNION, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on the Defendants' Motions to Dismiss at docket entries 85 and 86. The Motions have been fully briefed. For the reasons set forth below, the Motions are granted.

This is a case about credit reports and the Fair Credit Reporting Act ("FCRA"). The Plaintiff alleges that certain debts on her credit reports are inaccurate, and that the Defendants are liable to her under the FCRA as a result. Previously, she argued that because her ex-husband agreed (as part of a divorce) to pay certain debts on her behalf, those debts should never have appeared on her credit report, particularly after her ex-husband failed to make payments on those debts. This Court disagreed, ruling that regardless of the Plaintiffs' agreement with her ex-husband, she remained legally obligated under Florida law for the debts. DE 78 at 2. Because the Plaintiff remained legally obligated to pay, the Court ruled, the Defendants did not violate the Fair Credit Reporting Act when they reported the Plaintiff's failure to make payments on the debts. *Id.*

The Plaintiff also previously argued that the credit reports were materially misleading (not necessarily inaccurate) because they made no mention of the Plaintiff's agreement with her ex-

husband. The Court did not rule on the legal sufficiency of that theory because the Plaintiff had not pled it, and the Court permitted an amended complaint. *Id.* The Plaintiff filed her Second Amended Complaint that now contains her theory, and the Defendants have again moved for dismissal.

The Court rules that the Plaintiff's theory of recovery fails to state a claim under the FCRA for two reasons. First, it is not materially misleading for the Defendants to report that the Plaintiff was not making payments on debts she was legally obligated to pay. It was, instead, a truthful statement of objectively verifiable facts. *See Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359, 1367-68 (11th Cir. 2024) (holding that the reporting of information under the FCRA must be based upon objectively reasonable interpretations of facts). Moreover, Congress has afforded the Plaintiff the opportunity to give her own side of the story in a statement of dispute, which would have been attached to the Plaintiff's official credit report. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). The Plaintiff elected not to avail herself of that opportunity, but the Plaintiff's choice to forego the remedy provided to her by Congress does not render the Defendants' accurate reporting of information misleading.

Second, courts across the country have routinely refused to find that the FCRA can be violated when a defendant reports accurate credit information without additional, contextual information demanded by the plaintiff. The case of *Braun v. Trans Union LLC*, No. 19-CV-06098, 2019 WL 13083348, at *1 (C.D. Cal. Oct. 19, 2019) is illustrative.

In *Braun*, the plaintiff used auto-pay for her lease payments. *Id.* Using autopay, she made all of her payments on time. *Id.* She eventually extended her lease, but she did not know that her autopay program would cease to work after the lease extension. *Id.* Lacking that knowledge, she missed two payments and the late payments were reflected on her credit reports. *Id.* The plaintiff

sued various credit reporting agencies, arguing that it was misleading for the specific circumstances leading to her missed payments to not appear on her credit report. *Id.* The district court disagreed. *Id.*

In its decision, the *Braun* court cited to many cases in many jurisdictions for the proposition that: "A [credit reporting agency's] failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of misleading omission that is sufficient to fulfill the inaccuracy element of [an FCRA claim]." *Id.* at *2. By way of example, the *Braun* court noted that courts find that there is no FCRA violation when a plaintiff contends that he or she is not legally obligated to pay a debt. *Id.* That is precisely the case here, and the Court fully agrees with the reasoning in cases such as *Braun*.

The Plaintiff contends that her ex-husband should have made payments on her behalf, and that her credit report should explain the circumstances surrounding her decision not to make payments on her debts. But that is no different from the *Braun* plaintiff that wanted her credit report to explain that it was the autopay system—not her personal choice—that resulted in missed payments. Thus, while the Plaintiff may well have a viable cause of action against her ex-husband for damages, she does not have a cause of action against the credit reporting agencies and the companies that provided the agencies with information on the Plaintiffs' debts.

It is therefore **ORDERED AND ADJUDGED** that the Plaintiff's claims in her Second Amended Complaint are dismissed for the reasons set forth in this Order, the Court's prior order of dismissal, the Defendants' Motions, and the Defendants' Replies.[1]  Because the Plaintiff has now been afforded multiple opportunities to amend, the Court's dismissal is without leave to

---

[1] Although the Court devotes no discussion to the additional grounds the Defendants argue in support of dismissal, the Court accepts, adopts, and incorporates those grounds into its decision.  Relatedly, the Plaintiff's Fair Debt Collection Practices Act claim(s) is/are dismissed for all of the same reasons the claims were previously dismissed.

amend. The Court's ruling has no effect on the Plaintiffs' claims that remain stayed during arbitration. The Clerk of the Court shall **ADMINISTRATIVELY CLOSE** this case.

      **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of August, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE